**FILED**
**Feb 04, 2021**
**09:20 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **LISA MILLSAPS,** | ) | **Docket No. 2020-05-0636** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **LUIS ARELLANO d/b/a/** | ) | **State File No. 39889-2020** |
| **LOS ALAMOS RESTAURANT** | ) | |
| **Uninsured Employer.** | ) | **Judge Dale Tipps** |
| | ) | |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This case came before the Court on January 26, 2021, for an Expedited Hearing on whether Ms. Millsaps is entitled to medical and temporary disability benefits.[1] Ms. Millsaps claimed she suffered a broken hip while working for Mr. Arellano, the owner of Los Alamos Restaurant. For the reasons below, the Court holds that Ms. Millsaps is likely to prevail at a hearing on the merits that she is entitled to medical treatment and temporary disability benefits. However, she has not shown at this time that she is entitled to payment of her medical bills.

### History of Claim

Ms. Millsaps testified she began working at Los Alamos as a server on May 23, 2020. Near the end of her first shift, she slipped and fell on her way to make a customer's drink. Ms. Millsaps could not get up, so co-workers called an ambulance. The EMTs took her to Southern Tennessee Medical Center, where she was diagnosed with a hip and femur fracture. The Medical Center transferred Ms. Millsaps to Erlanger Hospital, where the fracture was surgically repaired.

After surgery, Ms. Millsaps stayed in the trauma center for nine days. She has required a walker since then and has been unable to work. Ms. Millsaps cannot afford the additional treatment and therapy recommended by her doctor because her claim was denied

---

[1] The hearing was scheduled to be conducted by videoconference, but Mr. Arellano was unable to sign in. Instead, by agreement of the parties, he appeared by phone.

1

and she has no insurance. She therefore filed a Petition for Benefit Determination on June 29, 2020, noting that Mr. Arellano was uninsured.

Mr. Arellano admitted Ms. Millsaps was his employee and that she was to receive minimum wage during her training period.[2] He also acknowledged he had no workers' compensation insurance at the time of the accident. However, Mr. Arellano contended the accident was not compensable for several reasons. First, Ms. Millsaps should not have been behind the bar to get a customer's drink because she was still training. Next, she should have been wearing non-slip shoes. In addition, he believed Ms. Millsaps had smoked marijuana during her break, and she refused a requested drug screen at the hospital.

Mr. Arellano noted that Ms. Millsaps had a serious car accident in 2016 and walked with a limp. He believed that her hip was damaged or weakened by that accident, and he argued he should not be responsible for any aggravation or new injury to these pre-existing conditions. Further, Mr. Arellano also questioned whether the injury occurred as Ms. Millsaps described because she was lying in a different area when he was called to the restaurant after the accident, and none of the customers or coworkers actually heard or saw her fall. He suggested she staged this accident to obtain additional medical treatment for her previous injuries.

The only medical records Ms. Millsaps introduced into evidence were a single treatment record from Southern Tennessee Medical Center and five medical bills.[3] The Medical Center record showed the emergency department treated her on March 23 for a hip injury caused by a workplace fall. It also stated Ms. Millsaps was unable to walk after the injury.

## Findings of Fact and Conclusions of Law

For the Court to grant Ms. Millsaps's request, she must prove she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2019); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015). To prove a compensable injury, Ms. Millsaps must show that her alleged injuries arose primarily out of and in the course and scope of her employment. This normally includes the requirement that she must show, "to a reasonable degree of medical certainty that [the incident] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *See* Tenn. Code Ann.

---

[2] Current federal minimum wage is $7.25. At forty hours per week, this yields an average weekly wage of $290.00 and a compensation rate of $193.33.

[3] Mr. Arellano claimed to have additional records that he wanted to offer as proof, but he did not file them with the Court before the hearing. The Court denied his request for a continuance to file those records because he did not make it in advance of the hearing and he did not participate in the pre-hearing conference on January 6. Mr. Arellano also objected to the medical record and bills. The Court overruled the objection, as he was unable to articulate a legal ground for excluding them.

§ 50-6-102(14). However, medical evidence is not required to establish a causal relationship, "in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991)).

First, the Court finds that Ms. Millsaps proved she slipped and fell on May 23. Therefore, the Court holds she is likely to show a specific incident, identifiable by time and place, at trial. Although Ms. Millsaps did not provide a medical opinion as to the cause of her injury, her case is sufficiently "obvious, simple and routine" for the Court to find she is likely to prevail on the merits. It is undisputed that Ms. Millsaps was transported to the hospital, where she received extensive medical treatment for a broken hip. This is consistent with her testimony that she injured her hip when she fell and was unable to stand or walk. Thus, she appears likely to prove a compensable injury.

Mr. Arellano's defenses are unpersuasive. Even if he were to show that Ms. Millsaps should not have been behind the bar or that she was wearing improper shoes, the affirmative defense of willful misconduct requires him to prove: (1) the employee's actual, as opposed to constructive, notice of the rule; (2) the employee's understanding of the danger involved in violating the rule; (3) the employer's bona fide enforcement of the rule; and, (4) the employee's lack of a valid excuse for violating the rule. *Mitchell v. Fayetteville Pub. Utilities,* 368 S.W.3d 442, 453 (Tenn. 2012). Mr. Arellano did not present this proof.

Similarly, Mr. Arellano failed to present any proof that Ms. Millsaps had used marijuana, that she was intoxicated or impaired, or that her accident was the result of any impairment. *See Woodard v. Freeman Expositions, LLC,* 2020 TN Wrk. Comp. App. Bd. LEXIS 15, at *4-5 (Apr. 3, 2020) (an employer must present evidence that an employee's alleged illegal drug use was the proximate cause of her injuries).

Finally, Mr. Arellano's argument that Ms. Millsaps's current condition is somehow related to her 2016 accident is unsupported by any medical proof, and neither Mr. Arellano nor the Court are qualified to make that medical determination. Further, his assertion that Ms. Millsaps staged this incident or is using it to obtain additional treatment for a preexisting condition is belied by the facts of the case. Ms. Millsaps suffered a broken hip, a serious and debilitating condition. The suggestion that she worked a full shift as a server with a broken hip (that required surgical repair) before staging this accident borders on the absurd.

### *Medical Benefits*

Having found Ms. Millsaps is likely to prevail in proving a work-related injury, the Court turns to her request for medical benefits. Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code

Ann. § 50-6-204(a)(1)(A). Further, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that, "when the employee has suffered an injury and expressed a need for medical care," the employer must provide a medical panel from which the employee may select the treating physician. Here, Mr. Arellano did not do so, and Ms. Millsaps was forced to seek treatment on her own. The Court holds Ms. Millsaps provided sufficient evidence to show that she is entitled to a panel of physicians. Mr. Arellano shall provide a panel from which Ms. Millsaps may choose an authorized physician for treatment.

Ms. Millsaps requested payment of the medical bills admitted into evidence. Because of this, she has the burden of demonstrating that any treatment not authorized by the employer is reasonable and medically necessary." *McClendon v. Food Lion, LLC,* No. E2013-00380-WC-R3-WC, 2014 Tenn. LEXIS 518, at *8 (Tenn. Workers' Comp. Panel July 11, 2014). The Court cannot order payment of those bills at this time because it has no expert proof of the reasonableness and necessity of her treatment. This does not prevent Ms. Millsaps from presenting the requisite proof at a later hearing.

*Temporary Disability Benefits*

Ms. Millsaps also requested temporary disability benefits. To receive temporary total disability (TTD) benefits, she must prove (1) she became disabled from working due to a compensable injury; (2) a causal connection between her injury and her inability to work; and (3) her period of disability. For temporary partial disability benefits, Ms. Millsaps must show that her treating physician returned her to work with restrictions that Mr. Arellano either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

Ms. Millsaps testified that she was in a rehabilitation facility for nine days after her surgery. The Court accepts this as proof that she was unable to work during that time because of her work injury. Tennessee Code Annotated section 50-6-205(a) provides that no compensation shall be allowed for the first seven days of disability. Consequently, the only TTD benefits the Court can order at this time are for the last two days of this period.

It appears very likely that Ms. Millsaps had a lengthy period of temporary disability, but she presented no medical proof as to how long her physicians took her completely off work or assigned restrictions because of her injury. The Court cannot guess or estimate the time she was disabled or restricted from working but must have medical proof before it can order additional temporary disability benefits.

Finally, concerning payment of benefits, Mr. Arellano must provide medical and temporary disability benefits. However, since he did not have workers' compensation insurance at the time of the injury, the Uninsured Employers Fund has *discretion* to pay *limited* medical expenses if certain criteria are met. (See attached Benefits Request Form.)

4

Ms. Millsaps must show that she: 1) worked for an uninsured employer; 2) suffered an injury arising primarily in the course and scope of employment on or after July 1, 2015; 3) was a Tennessee resident on the date of injury; 4) provided notice to the Bureau of the injury and of the employer's lack of coverage within sixty days of the injury; and, 5) secured a judgment for workers' compensation benefits against Mr. Arellano for the injury. Tenn. Code Ann. § 50-6-801(d)(1)-(5).

The Court finds that Ms. Millsaps worked for an uninsured employer, Luis Arellano, and that she is likely to prevail at a hearing on the merits that she suffered an injury arising primarily from employment on May 23, 2020. She was a Tennessee resident on that date, and she provided notice to the Bureau of her injury and Mr. Arellano's lack of insurance within sixty days. This order serves as a judgment for benefits. Therefore, Ms. Millsaps satisfied all the requirements of section 50-6-801(d).

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Arellano shall provide Ms. Millsaps with a panel of physicians and medical treatment made reasonably necessary by her May 23, 2020 injury under Tennessee Code Annotated section 50-6-204.

2. Mr. Arellano shall pay Ms. Millsaps temporary total disability benefits in the amount of $55.24 for two of the days she spent in the rehabilitation facility.

3. Ms. Millsaps satisfied the requirements of Tennessee Code Annotated section 50-6-801(d) and thus is eligible to request limited medical benefits from the Uninsured Employers Fund at the Administrator's discretion. To do so, she must complete and file the attached form.

4. This case is set for a Status Hearing on April 14, 2021, at 9:30 a.m. Please call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED February 4, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Affidavit of Lisa Millsaps
2. Notarized Investigative Report
3. Medical Record and Bills

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on February 4, 2021.

| Name | Certified Mail | | Fax | Email | Service sent to: |
|---|---|---|---|---|---|
| Lisa Millsaps | | | | X | Lisamillsaps83@gmail.com |
| Luis Arellano | | | | X | louivalentino@gmail.com |
| Amanda Terry | | | | X | Amanda.Terry@tn.gov |
| LaShawn Pender | | | | X | lashawn.pender@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*